| | |
|---|---|
| DISTRICT COURT, CITY AND COUNTY OF DENVER, STATE OF COLORADO<br><br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: January 17, 2023 11:18 AM<br>FILING ID: 67C87FA9424ED<br>CASE NUMBER: 2023CV30144 |
| Plaintiff: SANDRA MULLER<br><br>v.<br><br>Defendants: EDUARDO PEREZ, individually and in the course and scope of his agency and/or employment with THE WAGGONERS TRUCKING and THE WAGGONERS TRUCKING, individually. | ▲ Court Use Only ▲ |
| *Counsel for Plaintiff*:<br>Jordan S. Levine, #23877<br>Andrew J. Phillips, #40283<br>Sarah G. Freedman, #48356<br>Elizabeth R. Fisher, #51093<br>4500 Cherry Creek Drive South, Suite 400<br>Denver, CO 80246<br>Phone Number: (303) 333-8000<br>Fax Number: (303) 595-5338<br>Emails: jordan@levlawllc.com<br>andrew@levlawllc.com<br>sarah@levlawllc.com<br>elizabeth@levlawllc.com | Case No.:<br><br>Courtroom: |
| **COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff, Sandra Muller, by and through her attorneys, Levine Law, LLC, and for her Complaint and Jury Demand against Defendants, Eduardo Perez and The Waggoners Trucking, states and alleges as follows:

### I. PARTIES

1. Plaintiff Sandra Muller at all times relevant hereto was a resident of the State of Colorado, residing at 268 Scranton Street, Aurora, Colorado 80011.

1

2.  Defendant Eduardo Perez (hereinafter "Defendant Perez"), at all times relevant hereto was a resident of the State of Texas, resident at 4209 Green Ridge Lane, Alvarado, Texas 76009.

3.  Defendant The Waggoners Trucking (hereinafter "Waggoners"), is a Montana corporation with its principal place of business at 5220 Midland Road, Billings, Montana 59101. Defendant Waggoners is an interstate common carrier based in Montana. Defendant Waggoners is registered with the U.S. Department of Transportation, under D.O.T. Number 30176.

## II. JURISDICTION AND VENUE

4.  Plaintiff incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein.

5.  Denver County is a proper venue for this action as the crash that is the subject matter of his action occurred in Denver County.

6.  This Court has subject matter jurisdiction over this matter.

7.  This Court has jurisdiction over Defendant Eduardo Perez because he conducted business in this State, and committed tortious conduct related to the claims at issue in this State.

8.  This Court has personal jurisdiction over Defendant Waggoners because it has explicitly offered to submit to the jurisdiction of Colorado courts in relation to the claims at issue, because it conducts substantial business in the State of Colorado, because it availed itself of the privilege of conduction business within the State of Colorado, because it regularly transports and sends cargo from, to, and through the State of Colorado, because it entered into agreements and contracts with other persons and entities to transport cargo through the State of Colorado, because Defendant Perez was an agents of Waggoners, and because it and they committed tortious conduct that resulted in injuries in the State of Colorado.

## III. STATEMENT OF FACTS

11. Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein.

12. At some point prior to February 10, 2020, Defendant Waggoners and Perez entered into a transportation agreement whereby Defendant Perez and Waggoners would transport freight as directed by and for compensation.

13. Upon information and belief at all material times Defendant Perez was an employee of, or independent contractor for, Defendant Waggoners.

14. Upon information and belief Defendant Waggoners owned and maintained the 2015 Freightliner ("Freightliner") tractor and trailer ("Freightliner") which Defendant Perez was operating on February 10, 2020.

15. Defendant Perez was operating the Freightliner under Defendant Waggoners' D.O.T. motor carrier authorization.

16. At all material times, Defendant Waggoners was a "motor carrier" and "employer" of drivers of "commercial motor vehicles" as defined in section 390.5 of the Federal Motor Carrier Safety Regulations and was subject to the rules and regulations within Subtitle B, Chapter III <Subchapter B of Title 49 of the Federal Regulations.

22. At all material times, Defendant Perez was a "driver" of "commercial motor vehicles" as defined in section 390.5 of the Federal Motor Carrier Safety Regulations and was subject to the rules and regulations within Subtitle B, Chapter III< Subchapter B of Title 49 of the Federal Regulations.

23. Section 392.3 of the Federal Motor Carrier Safety Regulations states:

No driver shall operate a commercial motor vehicle, and a motor carrier shall not require or permit a driver to operate a commercial motor vehicle, while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe for him/her to begin or continue to operate the commercial motor vehicle.

24. Section 390.11 of the Federal Motor Carrier Safety Regulations requires that a motor carrier ensure driver regulations are adhered to:

**Motor carrier to require observance of driver regulations.** Whenever in part 325 of subchapter A or in this subchapter a duty is prescribed for a driver or a prohibition is imposed upon the driver, it shall be the duty of the motor carrier to require observance of such duty or prohibition. If the motor carrier is a driver the driver shall likewise be bound.

25. Section 392.7(a) of the Federal Motor Carrier Safety Regulations states in relevant part:

No commercial motor vehicle shall be driven unless the driver is satisfied that the following parts and accessories are in good working order, nor shall any driver fail to use or make use of such parts and accessories when and as needed: Service brakes, including trailer brake connections... steering mechanism... tires... wheels and rims.

26. Section 396.7(a) of the Federal Motor Carrier Safety Regulations states that "[a] motor vehicle shall not be operated in such a condition as to likely cause an accident or a breakdown of the vehicle."

27. Sections 392.80 and 392.82 of the Federal Motor Carrier Safety Regulations prohibit the use of electronic devices to text or utilize a handheld mobile telephone while operating a commercial motor vehicle.

28. At approximately 7:09 a.m. am on the morning of February 10, 2020, Defendant Perez was operating Waggoners' Freightliner traveling westbound on I70 in Denver, Colorado in lane number 2. Driving next to Defendant Perez in lane number 3 was Plaintiff's vehicle. Defendant Perez attempted to change into lane number 3 without ascertaining that the lane was free of traffic, sideswiping Plaintiff's vehicle..

29. Upon information and belief, Defendant Perez struck Plaintiff's vehicle with Defendants' Freightliner due to inattention, distraction, fatigue, and/or a malfunction or failure of Waggoners' Freightliner and/or trailer.

30. Defendant Perez was fatigued during times material herein.

31. Defendant Perez was distracted during times material herein.

32. Defendants' Freightliner collided with the passenger side of Plaintiff's vehicle (herein referred to as "collision", "crash, or "wreck").

33. Upon information and belief, mechanical defects along with Defendant Perez's fatigued and/or distracted driving and inability to properly control his commercial motor vehicle resulted in the crash.

34. Defendant Perez was charged with "Unlawful Lane Usage", a violation of Colorado Revised Statutes section 42-4-1007(1)(a) as a direct result of the collision.

### IV. FIRST CLAIM FOR RELIEF
### (NEGLIGENCE – DEFENDANT EDUARDO PEREZ)

35. Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein.

36. Defendant Perez owed Plaintiff a duty to exercise reasonable care in the operation of the Freightliner during times material.

37. In operating the Freightliner, on said date and time as described above, Defendant Perez breached his driving duties owed to Plaintiff.

38. In operating said vehicle, on said date and time as described above, Defendant Perez drove the Freightliner negligently.

39. In operating the Freightliner, on said date and time as described above, Defendant Perez drove his Freightliner carelessly.

40. Defendant Perez's conduct caused the collision.

41. Defendant Perez was 100% responsible for causing the wreck.

42. Defendant Perez's driving contributed to the collision

43. Defendant Perez is at fault for the wreck.

44. Upon information and belief, Defendant Perez was distracted when driving which caused the incident.

45. Upon information and belief, Defendant Perez was texting on a cell phone when driving which caused the incident.

46. Upon information and belief, Defendant Perez was using a cell phone when driving which caused the incident.

47. Upon information and belief, Defendant Perez was fatigued when driving which caused the incident.

48. Defendant Perez's actions were the sole cause of the collision.

49. Defendant Perez drove the Freightliner for the benefit of Defendants Waggoners at the time of the collision.

50. At the time of the collision Defendant Perez was an agent or employee of Waggoners.

51. At the time of the collision and other times material Defendant Perez was in the course and scope of his agency or employment with Waggoners.

52. Plaintiff's driving conduct did not cause the collision.

53. Plaintiff's driving conduct did not contribute to the collision.

54. Plaintiff is in no way at fault for the collision.

55. Defendant Perez's conduct was the proximate cause of Plaintiff's injuries, damages, and losses suffered in the collision.

56. As a result of Defendant Perez's negligent and/or careless driving, Plaintiff sustained damages, including serious and permanent bodily injuries.

57. Plaintiff suffered physical impairment, disability and disfigurement as a direct result of the collision.

58. Plaintiff suffered non-economic injuries as a direct result of the collision.

59. Plaintiff incurred medical bills, lost wages and suffered other economic losses as a direct result of the collision.

60. All of Plaintiff's damages are in the past, present and future tense, whether so specifically delineated in each paragraph or not.

61. Plaintiff, at all relevant times relative hereto, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

## V. SECOND CLAIM FOR RELIEF
### (NEGLIGENCE *PER SE* – DEFENDANT EDUARDO PEREZ)

62. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein.

63. Defendant Perez's driving on the above-described date and time was in violation of Colorado Revised Statute 42-4-1404(2)(b); and sections 392.3, 392.80 and 392.82 of the Federal Motor Carrier Safety Regulations.

64. Defendant Perez's driving on the above-described date and time was in violation of Colorado Revised Statute C.R.S 42-4-1404(2)(b); and sections 392.3, 392.80 and 392.82 of the Federal Motor Carrier Safety Regulations

65. Defendant Perez's driving on the above-described date and time was in violation of Colorado Revised Statutes 42-4-1404(2)(b); and sections 392.3, 392.80 and 392.82 of the Federal Motor Carrier Safety Regulations (hereinafter "the statutes").

66. Defendant Perez's driving on the above-described date and time constituted careless driving.

67. Defendant Perez's driving on the above-described date and time constituted reckless driving.

68. Defendant Perez's driving on the above-described date and time constituted fatigued driving.

69. Defendant Perez's driving on the above-described date and time constituted distracted driving.

70. Plaintiff is among the class of persons intended to be protected under the statute and the regulation and the harms suffered by Plaintiff are the type that are intended to be prevented by these statutes and regulations.

71. Defendant Perez's conduct constitutes negligence *per se.*

72. Defendant Perez's negligence *per se* conduct was the proximate cause of Plaintiff's injuries.

73. Defendant Perez's negligence *per se* conduct was the cause of Plaintiff's injuries damages and losses.

74. Defendant Perez's negligence *per se* conduct was the proximate cause of Plaintiff's damages.

75. Defendant Perez's negligence *per se* conduct was the proximate cause of Plaintiff's injuries, damages and losses including economic, non-economic and physical impairment damages.

76. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

77. Plaintiff, at all relevant times relative hereto, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

## VI. THIRD CLAIM FOR RELIEF
### (NEGLIGENT HIRING, SUPERVISING, TRAINING AND ENTRUSTMENT DEFENDANT WAGGONERS)

78. Plaintiff incorporates herein by reference all preceding paragraphs of this Complaint as if each were full set forth herein.

79. At the aforementioned time and place, Defendant Waggoners owned or leased the Freightliner driven by Defendant Perez and had the right to control his use of said

7

vehicle.

80. Defendant Waggoners gave the vehicle involved in the collision, a 2015 Freightliner tractor and trailer, to Defendant Perez to use in the course and scope of his employment with Waggoners.

93. The 2015 Freightliner tractor and trailer involved in the collision is owned and registered to Defendant Waggoners for the benefit of Waggoners.

94. Upon information and belief, Defendant Waggoners gave permission to Defendant Perez to utilize the 2015 Freightliner tractor and trailer he was operating at the time of the collision.

95. Defendant Waggoners' permission included permission to Defendant Perez to drive the 2015 Freightliner tractor and trailer when the collision happened.

96. Defendant Waggoners, as the motor carrier and registrant of the 2015 Freightliner tractor and trailer, knew that Defendant Perez was driving on the day in question, had the right to control the vehicle and/or had the right to control the way in which the vehicle was used.

97. Defendant Waggoners had a duty to use reasonable care in ensuring that the vehicle would not be used in a manner which would involve an unreasonable risk of physical harm to others.

98. Upon information and belief, at the aforementioned time and place, Defendant Waggoners negligently entrusted the 2015 Freightliner tractor and trailer to Defendant Perez.

100. Upon information and belief, Defendant Perez was using the 2015 Freightliner tractor and trailer, in question with the express consent of the Defendant Waggoners.

101. Upon information and belief, Defendant Perez was an employee or agent of Defendant Waggoners at the time of the collision.

102. Upon information and belief, at the time of the collision, Defendant Perez was performing a task for Defendant Waggoners' benefit.

103. Upon information and belief, Defendant Perez was an agent and/or employee of Defendant Waggoners at the time of the collision.

104. Upon information and belief, Defendant Waggoners' negligently entrusted its 2015 Freightliner tractor and trailer to Defendant Perez and negligently failed to supervise his use of said vehicle.

105. Upon information and belief, as a direct, foreseeable, and proximate result of Defendant Waggoners' act of negligent entrustment, Plaintiff has suffered and will suffer injuries, losses and damages.

106. Upon information and belief, Defendant Waggoners was negligent in the hiring, supervision and/or retention of Defendant Perez.

107. Upon information and belief, Defendant Waggoners failed to properly train, educate and monitor Defendant Perez's driving at all times during Defendant Perez's employment, including but not limited to his hours of service and/or fatigued driving.

108. Upon information and belief, Defendant Waggoners failed to reasonably investigate Defendant Perez's ability to drive safely, including but not limited to his ability to safely recover control of a tractor and trailer under such circumstances as which led to the subject crash.

109. Upon information and belief, Defendant Waggoners s failed to provide education and training to ensure Defendant Perez was a safe driver, including but not limited to managing hours of service, distracted driving, fatigued driving, and/or recovery of control of a tractor and trailer under such circumstances as which led to the collision.

110. Upon information and belief, Defendant Waggoners' negligence included, but is not limited to, its failure to investigate the skills and habits of Defendant Perez, and/or its failure to properly supervise or monitor his hours of service, fatigued driving, and other conduct and, particularly the driving of Defendant Perez and/or its retention of the services of Defendant Perez when it knew or should have known that said retention would create an undue risk of harm to others.

111. As a direct and proximate result of Defendant Waggoners failure to investigate, supervise, hire Defendant Perez and its negligent retention of

Defendant Perez, Plaintiff has sustained damages, injuries and losses.

112. As a direct and proximate result of Defendant Waggoners' act of negligent entrustment, supervision, and employee training, the Plaintiff sustained

economic, non-economic and physical impairment damages, injuries and losses.

113. As a direct and proximate result of Defendant Waggoners' breach of its duty to use reasonable care in the investigation, hiring, training, supervising, monitoring its drivers, including Defendant Perez, Plaintiff suffered injuries, damages and losses.

114. As a direct, foreseeable, and proximate result of Defendant Waggoners' conduct, including but not limited to the negligent hiring, supervision and/or retention of Defendant Perez, Plaintiff has suffered and will suffer injuries, damages and losses.

115. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

116. Plaintiff, at all relevant times relative hereto, is/was not liable for comparative-contributory negligence and he has reasonably mitigated his damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

### VII. FOURTH CLAIM FOR RELIEF
### (NEGLIGENT SELECTION OF INDEPENDENT CONTRACTOR DEFENDANT WAGGONERS)

117. Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were fully set forth herein.

118. Upon information and belief, at all times material hereto Defendant Waggoners and/or Defendant Perez were agents/contractors of Defendant Waggoners and were acting within the course and scope of their contract at the time of the collision.

119. Defendant Waggoners had a duty to choose a competent independent contractor.

120. Defendant Waggoners failed to conduct proper investigation into Defendant Perez's fitness and ability to operate safely thereby selecting an incompetent independent contractor.

121. Upon information and belief, Defendant Perez was an agent, independent contractor, and/or employee of Defendant Waggoners at the time of the collision.

122. During times material, Defendant Waggoners had a duty to use reasonable care in ensuring that Defendant Waggoners would select and/or employ drivers and other technicians, including Defendant Perez, that would not provide services in a manner which would involve an unreasonable risk of physical harm to others.

123. Defendant Waggoners is liable to Plaintiff as a result of Defendant Waggoners and/or Defendant Perez's negligence because it was negligent in selecting a careless or incompetent company with whom to contract.

124. Defendant Waggoners is bound by the actions and/or omission of Defendant Perez and Defendant Waggoners is liable to Plaintiff for his damages on the basis of its negligence in selecting Defendant Waggoners and/or Defendant Perez.

125. As a direct, immediate and proximate result of the negligent selection of Defendant Perez, Plaintiff suffered injuries, damages and losses.

126. All damages to Plaintiff are in the past, present and future whether so specifically delineated in each paragraph or not.

127. Plaintiff, at all relevant times relative hereto, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

## VIII. FIFTH CLAIM FOR RELIEF
### (VICARIOUS LIABILITY – DEFENDANT WAGGONERS)

128. Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were set fully set forth below.

129. At all times material hereto, Defendant Perez was an agent or employee of Defendant Waggoners and was acting within the course and scope of his agency or employment at the time of the crash.

130. The acts or omissions of Defendant Perez are in law the acts or omissions of the Defendant Waggoners.

131. As a direct, immediate and proximate result of the acts of Defendant Waggoners' agency or employment, Defendant Perez, Plaintiff has been damaged.

132. All damages to Plaintiff is in the past, present and future whether so specifically delineated in each paragraph or not.

133. Plaintiff, at all relevant times relative hereto, is/was not liable for comparative-contributory negligence and she has reasonably mitigated her damages.

WHEREFORE, Plaintiff prays for the relief set forth below.

## XI. DAMAGES

134. Plaintiffs incorporate herein by reference all preceding paragraphs of this Complaint as if each were set forth fully below.

135.   As a direct, foreseeable and proximate result of the negligence and negligence per se of Defendants, Plaintiff has suffered and will suffer economic, non-economic and physical impairment damages, injuries, and losses.

136.   As a direct, foreseeable and proximate result of the negligence and negligence *per se* of Defendants, Plaintiff has suffered and will suffer economic losses including but not limited to lost past wages, future loss of earning capacity, past and future medical and rehabilitative expenses, property damage, interest, and all filing fees.

137.   As a direct, foreseeable and proximate result of the negligence and negligence *per se* of Defendants, Plaintiff has suffered and will suffer non-economic losses consisting of past and future anxiety, stress, physical and emotional pain and suffering and loss of enjoyment of life, loss of independence, anger, frustration, and inconvenience.

138.   In the event the defense denies liability in its Answer, or any other baseless legal pleadings filed herein, Plaintiff provides advance notice that it will request C.R.C.P. § 11 and 12 sanctions for the filing of a baseless pleading; this notice is provided as a courtesy in light of the clear and undisputed facts in this matter regarding the happening of this occurrence.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

**WHEREFORE,** Plaintiff Sandra Muller requests monetary damages in an amount to fairly and justly compensate her for her injuries, impairments, losses and damages, as determined from the evidence at trial; plus statutory interest from the date this cause of action accrued, or as otherwise allowed by Colorado law; property damage; property loss of value; mileage; interest; court costs; expert witness fees; deposition expenses; mediation fees, past and future health care, pre-trial meetings with physicians and experts, medication & medical costs, rehabilitation expenses, and attorneys' fees if applicable; and for such other and further relief as the Court may deem just and proper.

DATED this 17 day of January, 2023.

**EXHIBIT 1**

**LEVINE LAW, LLC**

Signed original document maintained and available pursuant to Rule 121

/s/  *Andrew J. Phillips, Esq.*
_____
Jordan S. Levine, No. 23877
Andrew J. Phillips, No. 40283
Sarah G. Freedman, No. 48352
Elizabeth R. Fisher, No. 51093
*Attorneys for Plaintiff*

Plaintiff's Address:
17643 E Loyola Drive
Unit C
Aurora, CO 80013